KAINE, APPELLANT, *v.* MARION PRISON WARDEN, APPELLEE.

[Cite as *Kaine v. Marion Prison Warden* (2000), 88 Ohio St.3d 454.]

(No. 99-2103—Submitted April 11, 2000—Decided May 17, 2000.)

---

*Charles Kaine*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *Katherine E. Pridemore*, Assistant Attorney General, for appellee.

**Per Curiam.** Kaine claims that at the time the trial court revoked his probation, his two-year probationary period had expired and divested the trial court of jurisdiction. Under R.C. 2951.09, "[a]t the end or termination of the period of probation, the jurisdiction of the judge or magistrate to impose sentence ceases and the defendant shall be discharged." And pursuant to the statute, " '[i]t matters not that the alleged violation of probation occurred during the period of probation and could have resulted, if timely prosecuted, in a revocation of probation and imposition of sentence.' " *State v. Jackson* (1995), 106 Ohio App.3d 345, 348, 666 N.E.2d 255, 257, quoting *State v. Jackson* (1988), 56 Ohio App.3d 141, 565 N.E.2d 848.

Kaine's claim is meritless. He erroneously relies on a date before his trial court's judgment placing him on probation was journalized to be the starting date for his two-year probationary period. Crim.R. 32(C) expressly provides that a judgment in a criminal case "is effective only when entered on the journal by the clerk." The rule reflects the axiom that courts speak only through their journal entries. See *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 337, 686 N.E.2d 267, 269; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph two of the syllabus.

Based on the foregoing, Kaine's two-year probationary period did not commence until his judgment of conviction and sentence was entered, *i.e.*, August 28, 1996. And his probation was revoked by a judgment entered on July 29, 1998,

which was within his probationary period. Therefore, Kaine's trial court had the requisite jurisdiction to revoke his probation and order him to serve his previously suspended sentence, and he is not entitled to extraordinary relief in habeas corpus. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.