This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Essique Williams (hereinafter "Williams"), appeals the trial court's decision sentencing him to eight years incarceration with the Department of Rehabilitation and Corrections. For the following reasons, we affirm the trial court's decision.
Williams was indicted on charges of Involuntary Manslaughter and Child Endangerment on February 24, 2000. On July 12, 2000, Williams pled guilty to Endangering Children in violation of R.C. 2919.22(B)(1)(E)(2)(c), a second degree felony. The trial court conducted a sentencing hearing on August 29, 2000, and found Williams "committed the worst form of the offense" and imposed the maximum term of eight years.
Williams challenges his sentence via two assignments of error, arguing:
 "Essique Williams has been deprived of his liberty without due process of law by the maximum sentence imposed in the case at bar, because the court failed to consider the statutory criteria of Ohio Revised Code 2929.14(B)."
 "Essique Williams has been deprived of his liberty without due process of law because the trial court relied upon improper criteria when sentencing him."
Because the record establishes the trial court made the findings necessary to comport with R.C. Chapter 2929, and only considered proper criteria when sentencing Williams, we affirm its decision.
In his first assignment of error, Williams asserts a two-part argument: 1) the trial court did not make the findings necessary to impose greater than the minimum sentence under R.C. 2929.14(B), and; 2) the trial court did not make the findings necessary to impose the maximum sentence under R.C. 2929.14(C) and 2929.19(B)(2)(d). With regard to our standard of review, a sentencing order will not be reversed upon appeal so long as there is clear and convincing evidence in the record which supports the trial court's findings, and the sentence is not otherwise contrary to law. R.C. 2953.08(G)(2). Clear and convincing is greater than a preponderance of the evidence but less than beyond a reasonable doubt, and produces a firm belief as to the facts sought to be established.State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54.
When sentencing an offender, the trial court must consider several aspects of the sentencing statutes. First, the overriding purposes of felony sentencing must be followed, namely, to protect the public from future crime by the offender and others and to punish the offender. R.C.2929.11(A). The court must consider the need for "incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." Id. Further, the sentence must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and be consistent with sentences imposed for similar crimes committed by similar offenders. R.C. 2929.11(B). Keeping these purposes in mind, if the offender has not previously served a prison term, R.C. 2929.14(B) presumes the imposition of the shortest prison term for an offense.
The trial court may only impose a sentence beyond the minimum term when it specifically finds on the record the shortest prison term would either demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender. R.C. 2929.14(B). The trial court is not required to give an explanation for its finding. Rather, the trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." State v. Edmonson (1999), 86 Ohio St.3d 324, 326,715 N.E.2d 131, 134. In the instant case the trial court found "pursuant to R.C. 2929.14(B) that the shortest prison term possible would demean the seriousness of the offense and will not adequately protect the public * * *." Because of this finding, the trial court could properly adopt a sentence greater than the minimum.
When sentencing an offender to the maximum allowable term, the trial court must comply with both R.C. 2929.14(C) and 2929.19(B)(2)(d). A trial court may only impose a maximum prison term only when it finds on the record either the offender committed the worst form of the offense or the offender has the greatest likelihood of committing future crimes. R.C.2929.14(C). The trial court must also give its reasons for imposing that maximum term. R.C. 2929.19(B)(2)(d). In the present case, the trial court stated, "The Court finds that Defendant has committed the worst form of the offense and, therefore, imposes the maximum sentence for this offense." However, in its judgment entry, the trial court did not state its reasons for that finding pursuant to R.C. 2929.19(B)(2)(d).
It is an axiom that a court may only speak through its journal entries. Kaine v. Marion Prison Warden (2000), 88 Ohio St.3d 454, 455,727 N.E.2d 907, 908. "Where, in the interest of justice, it is essential for a reviewing court to ascertain the grounds upon which a judgment of a lower court is founded, the reviewing court must examine the entire journal entry and the proceedings." Joyce v. General Motors Corp. (1990), 49 Ohio St.3d 93, 551 N.E.2d 172, paragraph one of the syllabus. Thus, the Ohio Supreme Court has directed courts of appeal to examine trial court opinions or decisions, as well as the transcript of proceedings which contain the trial court's comments, in order to ascertain the reasoning of the court in entering its judgment when the opinion or decision is not in conflict with the judgment. State ex rel.Kinnear Div., Harsco Corp. v. Indus. Comm. (1997), 77 Ohio St.3d 258,263, 673 N.E.2d 1290, 1294 at footnote 3; Andrews v. Board of LiquorControl (1955), 164 Ohio St. 275, 281, 58 O.O. 51, 55, 131 N.E.2d 390,394. Although it would be preferable if the trial court stated the reasons why it was imposing the maximum sentence in the judgment entry imposing that sentence, if this court can glean from other parts of the record those reasons, we will not reverse that decision.
R.C. 2929.12(B) and (C) provide factors a trial court must consider when determining whether the offender's conduct was more or less serious than that normally constituting the offense.
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
(6) The offender's relationship with the victim facilitated the offense.
* * *
(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:
* * *
(2) In committing the offense, the offender acted under strong provocation.
(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12.
In its entry, the trial court stated it has balanced the factors in R.C. 2929.12 when determining the seriousness of the offense.
The reason the trial court sentenced Williams to the maximum sentence is because "in my opinion, this is a situation where you caused the death of this child." The trial court pointed out that Williams was the father of the child and he gave the child medicine meant for older children, without a doctor's permission, the child died of intracranial hemorrhage due to shaken baby syndrome, and that, at best, he allowed an older child to "beat the ever living daylight" out of the child. These reasons are sufficient to meet the burden placed on the trial court by R.C.2929.19(B)(2)(d). The trial court complied with the sentencing guidelines found in R.C. Chapter 2929. Williams' first assignment of error is meritless.
In his second assignment of error, Williams argues the trial court improperly took into account the higher offense with which Williams was charged but not convicted. Williams was originally charged with both Involuntary Manslaughter and Child Endangerment. In his plea agreement, the State agreed to drop the Involuntary Manslaughter charge if Williams pled to the Child Endangerment charge. Williams' basis for saying the trial court improperly relied on the Involuntary Manslaughter charge was the trial court's statement that "in my opinion, this is a situation where you caused the death of this child. I mean, there is no other way to describe it." Williams argues because this
 "statement may indicate an erroneous reliance on the involuntary manslaughter charge * * * and because the trial court did not clearly state its reasons for imposing the maximum sentence in this case, appellant believes a remand for sentencing is appropriate."
As discussed supra, R.C. 2929.12(B)(2) requires a trial court to take into consideration whether "[t]he victim of the offense suffered serious physical * * * harm as a result of the offense." No harm could be more serious than death. Therefore, it was not only proper, but necessary, that the trial court take into consideration the consequences of the conduct to which Williams pled guilty. In addition, as addressed supra, the trial court made the findings necessary under R.C. 2929.14 and 2929.19. Therefore, it cannot be said that the trial court relied upon improper criteria when imposing a sentence upon Williams. Williams' second assignment of error is meritless.
For the foregoing reasons, both of Williams' assignments of error are meritless. The decision of the trial court is affirmed.
Donofrio, P.J., Concurs.
Waite, J., Concurs.