This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Roy Eikleberry (hereinafter "Roy"), appeals the trial court's division of property and award of spousal support at the time it granted a divorce between he and Defendant-Appellee, Janet Eikleberry (hereinafter "Janet"). For the following reasons, we reverse the judgment of the trial court and remand this case for further proceedings.
Roy and Janet were married in Jacobsburg, Ohio, on July 1, 1978. No children were born of the marriage. Roy and Janet each brought separate real property to the marriage. This real property was combined when the parties built their marital residence which is now worth $110,000.
During the marriage and prior to his death, Janet's father gave her approximately $20,000 in CD's and $50,000 in cash in order to take care of her mother and her children from a previous marriage. She spent a portion of the assets, but invested most of the remainder in a variety of investments. Her investments at the time of the divorce totaled $170,140.67.
On August 26, 1999, Roy filed a complaint for divorce in the Belmont County Court of Common Pleas. Janet answered the complaint and counterclaimed for divorce on September 20, 1999. On November 29, 1999, the trial court heard the matter and, on February 10, 1999, issued its judgment granting a divorce. In its division of property, the trial court found Janet's investments were her separate property and ordered her to pay Roy the lump sum of $10,000 as spousal support.
Via four assignments of error, Roy argues as follows:
 "The trial court abused its discretion, committed reversible error and ruled against the manifest weight of the evidence in its determination of separate assets."
 "The trial court abused its discretion, committed reversible error and ruled against the manifest weight of the evidence when awarding Plaintiff-Appellant's Candlewick Glassware (separate property) to Defendant-Appellee."
 "The trial court erred in not considering all of the statutory factors in determining spousal support and the amount of spousal support awarded."
 "The trial court erred in its division of marital assets and debts as that division is neither equal nor equitable."
We reverse the judgement of the trial court because it did not indicate the basis for either its division of the marital property or its award of spousal support on the record and in sufficient detail for appellate review.
Because Roy's first and second assignments of error deal with the same issues of law, we will address them together. In those assignments of error, Roy asserts the trial court's determinations that Janet's investments were her separate property and the Candlewick glassware was not Roy's separate property were against the manifest weight of the evidence. An appellate court will not disturb the factual findings of a trial court unless the findings are against the manifest weight of the evidence. State ex rel. Shady Acres Nursing Home, Inc. v. Rhodes (1983),7 Ohio St.3d 7, 8, 7 OBR 318, 320, 455 N.E.2d 489, 491. A finding is only against the manifest weight of the evidence if it is not supported by competent, credible evidence. Id.
In a divorce proceeding, the trial court must determine which assets are marital property and which assets are separate property. R.C.3105.171(B). Marital property is all real and personal property acquired during the marriage that either or both parties owns or has an interest in and the appreciation on separate property that results from the parties' contributions during the marriage. R.C. 3105.171(A)(3)(a). Marital property does not include separate property. R.C.3105.171(A)(3)(b).
 "(6)(a) `Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
* * *
 (ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage; [or]
* * *
 (vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.
 (b) The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6).
It is undisputed that the $70,000 in cash and CD's Janet received from her father are separate property. Rather, Roy disputes whether this gift is traceable to the $170,000 in investments the trial court awarded to Janet as her separate property. Janet testified she purchased these investments with the money her father had given her and did not spend any of her salary when buying these investments. R.C. 3105.171 only requires a party prove separate property was theirs. It does not require any particular form of proof. Therefore, Janet's testimony was sufficient to support the court's finding that the investments were her separate property.
In reference to the Candlewick glassware, Roy testified as follows:
 "Q. Roy, do you have a candlewick, glass from your family?
A. Yes, I do.
 Q. Okay. Can you describe to the court, please, basically what that is and how it came to you?
 A. Well, it's Imperial Candlewick ware. And when my dad and I worked at the Imperial, that's how we got it. And my step-mother and my dad gave it to my sister, and my sister got destitute, so I bought it from her."
This testimony would not support any other finding other than that the Candlewick glassware was marital property. Roy did not prove he acquired the glassware prior to the marriage or that he acquired it using separate funds. The glassware was neither a gift nor a devise as Roy bought the glassware from his sister. Therefore, the glassware could not have been Roy's separate property. In addition to arguing the glassware was his separate property, Roy's asserts a Nikon camera and Christmas ornaments should be his separate property. However, Roy never introduced any evidence of the existence of these items at trial. Therefore, the trial court could not have found these to be separate property.
Because the trial court disbursed separate property to the spouse that owns that property, the trial court need not make findings in accordance with R.C. 3105.171(D). Roy's first and second assignments of error are meritless.
Because we dispose of Roy's third and fourth assignments of error for the same reason, we will address those assignments of error together, and discuss them in the inverse. In his third assignment of error, Roy argues the trial court erred in its award of spousal support. In his fourth assignment of error, Roy asserts the trial court abused its discretion in its unequal and inequitable distribution of the marital assets.
A trial court is vested with broad discretion when fashioning a division of marital property. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609, 635 N.E.2d 308, 309. Therefore, the trial court's order will not be overturned absent a showing of an abuse of discretion. Martin v. Martin
(1985), 18 Ohio St.3d 292, 294-295, 18 OBR 342, 344, 480 N.E.2d 1112,1114. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. This court cannot substitute its judgment for that of the trial court unless, after considering the totality of the circumstances, we determine the trial court abused its discretion. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128,131, 541 N.E.2d 597, 599.
When dividing marital property a court must "determine what constitutes marital property and what constitutes separate property. In either case, upon making such a determination, the court shall divide the marital and separate property equitably between the spouses." R.C. 3105.171(B). After a trial court divides the marital property, it must determine whether it will award spousal support. R.C. 3105.18(B). When a trial court determines whether spousal support is appropriate and reasonable, and if so, the amount of that spousal support, a trial court must look to the fourteen statutory factors listed in R.C. 3105.18(C). Kaechele v.Kaechele (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph one of the syllabus. A trial court must indicate the basis for both its division of the marital property and its award of spousal support in sufficient detail to enable a reviewing court to determine whether the award is fair, equitable and in accordance with the law. Id. at 97,518 N.E.2d at 1201. If this court cannot determine why the trial court decided as it did, the trial court's decision must be reversed and the case remanded for further proceedings. See Heslep v. Heslep (June 14, 2000), Monroe App. No. 825, unreported.
Here, the trial court issued two different post-hearing docket entries. The first entry was an Opinion issued January 24, 2000, within which the trial court made most of its factual findings. This entry is only presumably that of the trial court because it was unsigned. The second entry was a Judgment and Decree of Divorce entered on February 10, 2000. In this entry the trial court reiterates a few of the findings of fact it made in it's January 24, 2000 entry, however, it does not incorporate that entry. The January 24, 2000 Opinion makes detailed findings of fact and addresses all the statutory factors in R.C.3105.18(C). The Judgment Entry does not make those detailed findings. Instead, it merely orders Janet to pay spousal support without any explanation.
It is an axiom that a court may only speak through its journal entries. Kaine v. Marion Prison Warden (2000), 88 Ohio St.3d 454, 455,727 N.E.2d 907, 908. However, a trial court may issue an opinion prior to its entry of final judgment which contain the trial court's findings of fact and conclusions of law. Civ.R. 52. "Where, in the interest of justice, it is essential for a reviewing court to ascertain the grounds upon which a judgment of a lower court is founded, the reviewing court must examine the entire journal entry and the proceedings." Joyce v.General Motors Corp. (1990), 49 Ohio St.3d 93, 551 N.E.2d 172, paragraph one of the syllabus. Thus, the Ohio Supreme Court has directed courts of appeal to examine trial court opinions or decisions, as well as the transcript of proceedings which contain the trial court's comments, in order to ascertain the court's reasoning in entering its judgment when the opinion or decision is not in conflict with the judgment. State exrel. Kinnear Div., Harsco Corp. v. Indus. Comm. (1997), 77 Ohio St.3d 258,263, 673 N.E.2d 1290, 1294 at footnote 3; Andrews v. Board of LiquorControl (1955), 164 Ohio St. 275, 281, 58 O.O. 51, 54, 131 N.E.2d 390,394. The above rule especially applies in the situation where the court, in its journal entry of judgment, makes specific reference to its opinion as a basis for its decision. State ex rel. Ogan v. Teater (1978),54 Ohio St.2d 235, 237, 8 O.O.3d 217, 218, 375 N.E.2d 1233, 1236 at footnote 1. However, a court of appeals may look to the trial court's opinion even when the trial court does not make specific reference to that opinion. See Andrews, supra.
In this particular case, we cannot look to the trial court's opinion because it is unsigned. Although Civ.R. 58(A) requires a trial court to sign its judgment before it is part of the record, an opinion is not a judgment and not subject to the strictures of Civ.R. 58. However, the lack of a signature prevents us from discerning from the record whether this is truly the opinion of the trial court. Because the record does not indicate either the basis for the division of the marital property in sufficient detail for this court to determine what is a fair and equitable distribution of the property or that the trial court properly considered all the factors in R.C. 3105.18, Roy's third and fourth assignments of error are meritorious.
In conclusion, the trial court correctly determined which property was marital property and which was separate property, but failed to set forth both on the record and in sufficient detail the reasons for its division of the marital property or its award of spousal support. Therefore, the decision of the trial court is reversed and this case is remanded for further proceedings.
Donofrio, J., concurs.
Waite, J., concurs.