I concur in the judgment reached today, but I write separately to emphasize that Sullivan, in failing to appeal the sentence of the trial court of November 28, 2000, has waived any objection to the conditions therein. Any error the trial court may have made in its journal entry was waived by this failure to appeal. As a result, I find it wholly unnecessary to reach the question of what the trial court judge meant by his journal entry in this case. It is axiomatic that a court of record speaks only through its journal entry. Kaine v. Marion PrisonWarden (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907, 908. Reviewing courts should use utmost caution where, in the interest of justice, they attempt to ascertain the meaning of the judgment by reviewing the proceedings of the lower court, rather than strictly adhering to the plain language of the journal entry.