JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R.11.1 and Loc.R.11.1, the record from the lower court and the parties' briefs. Plaintiff-appellant City of Cleveland ("City") appeals from judgment of the Cleveland Municipal Court granting Defendant-appellee Byron Kittrell a.k.a. Bryon Kittrell's ("defendant") motion to dismiss for want of a speedy trial. For the reasons set forth below, we reverse the judgment of the lower court and remand for trial.
 {¶ 2} On November 6, 2001, the defendant was arrested for menacing by stalking in violation of R.C. 2903.211, a misdemeanor of the first degree. The trial date was set for December 11, 2001. On December 11th, the prosecution requested a continuance and the trial was rescheduled for December 18, 2001. On December 18th, the defendant requested a continuance and trial was set for January 22, 2001. On January 22nd, the defendant requested another continuance and the matter was scheduled for February 19, 2002, at which time a pretrial would take place. On January 28, 2002, the defendant filed a motion for discovery. On February 19, 2002, the defendant again requested a new trial date and the matter was scheduled for February 26, 2002. On the eve of trial, the defendant filed a motion to dismiss on speedy trial grounds. On February 26th, the trial court granted the defendant's motion to dismiss and discharged him. It is from this ruling that the City now appeals, asserting a sole assignment of error for our review.
 I. {¶ 3} "The City contends that the trial court erred by granting a motion to dismiss for want of speedy trial because the defendant requested the continuances which delayed the time in which he was to be brought to trial." We agree.
 {¶ 4} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution. R.C. 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and R.C. 2945.72, the accused shall be discharged. The defendant was incarcerated during the pendency of his trial and was thus entitled to the triple-count provision of R.C. 2945, which would demand that he be brought to trial within 90 days. R.C. 2945.72 provides the following extension of the speedy trial period:
 {¶ 5} "The time within which an accused must be brought to trial, or, in the case of a felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 6} "* * * (H) The period of any continuance granted on the accused's own motion * * *."
 {¶ 7} The defendant was arrested on November 6, 2001 and should have been brought to trial within 90 days. The defendant requested two continuances which tolled the speedy trial time by a total of 39 days. Had the defendant been brought to trial as was scheduled on February 26th, 2002, it would have been well within speedy trial time. Furthermore, the motion to dismiss filed by the defendant on February 25, 2002 also acted to toll the speedy trial time pursuant to R.C. 2945.72
(E).
 {¶ 8} At the trial court, the defendant did not dispute that the journal entries stated that he had requested continuances which would operate to toll the speedy trial period. Rather, he argued that journal entries do not always accurately reflect at whose request a continuance was granted. The defendant argued that the court regularly enters "at defendant's request" even when a continuance should not be charged to the defendant. It is axiomatic that a court of record speaks only through its journal entry. Kaine v. Marion Prison Warden (2000), 88 Ohio St.3d 454. Therefore, we must reject the defendant's postulation to the trial court that the journal entry may reflect inaccuracies. Speculation of such magnitude would wreak havoc on the judicial system.
 {¶ 9} Further, the defendant concedes on appeal, after having ordered and reviewed the transcripts from the previous proceedings in question, that the continuances were, in fact, requested by the defendant and therefore ample time existed in which to bring the defendant to trial without violating his speedy trial rights. The City's assignment of error is well-taken. The judgment of the trial court is reversed and remanded for trial.
 {¶ 10} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. AND DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).