{¶ 23} I respectfully dissent and would affirm the trial court's sentence of Defendant as a third-time offender. There is evidence in the record that Defendant waived her right to counsel during her 2004 plea hearing. While it is true that there is not a transcript of the 2004 plea hearing, I would affirm based on the Supreme Court of Ohio's determination in State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, where the Court stated:
 "[W]e can presume from this written and filed entry, which is part of the record of her case, that the court accurately explained to [Defendant] that she was waiving her right to counsel on July 1, 1998. The court speaks through its journal entries. Kaine v. Marion Prison Warden (2000), 88 Ohio St.3d 454, 455, 727 N.E.2d 907. Here the entry has recorded what occurred during the plea hearing of this misdemeanor. There is evidence that the court made a finding that the right to counsel was knowingly and voluntarily waived. We therefore determine that this uncounseled plea may be counted toward enhancing a later penalty." Brooke at ¶ 47.
 {¶ 24} The majority acknowledges that Brooke stands for the proposition that waiver of counsel can be determined absent a hearing transcript, but limits Brooke to only those situations in which the Defendant and the judge both sign a document indicating that a defendant has waived his or her right to counsel. It is true that inBrooke, the defendant and the trial judge both signed the journal entry; however, I do not believe that the holding in Brooke is so limited. Moreover, as noted in Brooke, a signed waiver is not required except for serious offenses, which *Page 16 
Defendant's first conviction was not. Brooke at ¶ 53. See, R.C.4511.19(G)(1)(a)(i) and Crim.R. 2(C).
 {¶ 25} Here, the trial court spoke through its journal entry, which indicates that Defendant was advised of her rights, including her right to counsel and that Defendant waived these rights and entered her plea. I would find this to be sufficient evidence in the record to demonstrate that Defendant waived her right to counsel at her 2004 plea hearing.Brooke at ¶ 47 and ¶ 53. *Page 1