[Cite as *State ex rel. Howard v. Kobasher*, 2024-Ohio-2847.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO, EX REL., ANGELA C. HOWARD

    Relator

    v.

JUDGE MELISSA C. KOBASHER
LORAIN COUNTY COMMON PLEAS
COURT

    Respondent

C.A. No.  24CA012102

ORIGINAL ACTION IN MANDAMUS

Dated:  July 29, 2024

PER CURIAM.

{¶1}	Relator, Angela Howard, petitioned this Court for a writ of mandamus to order Respondent, Judge Melissa Kobasher, to rule on objections to a Magistrate's Decision. Judge Kobasher has moved to dismiss and Ms. Howard has responded. For the following reasons, the motion to dismiss is granted and the case is dismissed.

*Factual Background*

{¶2}	According to the complaint, Ms. Howard filed an action in the Lorain County Common Pleas Court and the case was assigned to Judge Kobasher. The litigation of the underlying case extended over several years, resulting in a Magistrate's Decision in February 2024. The trial court adopted the Magistrate's Decision the same day it was entered. Ms. Howard filed timely objections to the Magistrate's Decision.

**{¶3}**  Six days later, according to a copy of the trial court's docket attached to the complaint, a docket entry reflects the case was "taxed and disbursed."  According to the complaint, the effect of this was to close the case without a decision on the pending objections. Less than two weeks later, Ms. Howard filed her complaint seeking a writ of mandamus asking this Court to order Judge Kobasher to comply with her duty under Civ.R. 53 to rule on the objections and enter a final judgment.

**{¶4}**  Judge Kobasher moved to dismiss.  The motion agreed that Judge Kobasher entered judgment on the Magistrate's Decision on the date it was entered and that Ms. Howard filed timely objections.  The motion noted that, pursuant to Civ.R. 53, the opposing party was permitted ten days to respond to the objections.  Looking at the timing set forth in the complaint, combined with Civ.R. 53, the complaint in this case was filed just a few days after the deadline to file a response to the objections would have passed.  The motion to dismiss acknowledged that Ms. Howard is entitled to a ruling on the objections, but not necessarily an immediate ruling.

**{¶5}**  The motion to dismiss also addressed the taxing of costs, which, according to the complaint, indicated that Judge Kobasher closed the case.  According to the motion to dismiss, the erroneous taxing of costs by the clerk of courts did not demonstrate that Judge Kobasher would not rule on the objections or that the case was closed.

**{¶6}**  The complaint asked this Court to grant a writ of mandamus.  Although not clearly articulated, the complaint sought an order directing Judge Kobasher to rule on Ms. Howard's objections notwithstanding her closing of the case. The key point of the complaint was that Judge Kobasher improperly closed the case without entering an order to that effect and without ruling on the pending objections.

*Requirements for a Writ of Mandamus*

**{¶7}** "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The relator must demonstrate all three elements in order for this Court to grant the writ of mandamus.

**{¶8}** When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). While we must take the *facts* as true and construe them in favor of Ms. Howard, unsupported *conclusions* are insufficient to withstand a motion to dismiss. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle her to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7. With this standard in mind, we turn to consider the complaint.

**{¶9}** The complaint has not alleged that Judge Kobasher simply failed to rule on objections or that she has delayed in ruling on the objections, as Judge Kobasher alluded to in her motion to dismiss. The complaint did not seek a writ of mandamus to order Judge Kobasher to proceed to enter judgment following an unreasonable delay. If it had, procedendo would have been the appropriate remedy because, "[a]lthough mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate, since '[a]n inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to

remedy.'" *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110 (1994). In this case, however, the complaint did not allege an undue delay in ruling on objections.

{¶10} Instead, the complaint alleged that Judge Kobasher closed the underlying case without entering a judgment at all. According to the complaint, Judge Kobasher has not ruled on the objections and, instead, she taxed costs, which "operated as a closure of the case." The complaint concluded that the disbursement of funds noted on the docket sheet "operated as a closure of the case" and was evidence that Judge Kobasher will take no further action regardless of the timely objections.

{¶11} The attachments to the complaint, even considered in the light most favorable to the relator, do not support those contentions. This Court is not required to accept as true unsupported conclusions made in the complaint. *Vagas v. City of Hudson*, 2009-Ohio-6794, ¶ 7, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d at 193. Instead, our focus mut be on the facts alleged in the complaint. *Id.* The complaint concluded, without any factual support, that the costs docket entry terminated the case. A review of the docket attached to the complaint, however, leads to a different conclusion.

{¶12} The docket pages attached to the complaint contain five columns across the top of the pages: Entry Date, Type, Entry, Vol., and Page. Entry Date shows the date the item was entered on the docket. Type contains a variety of entries, including "AFFIDAVIT", "FEES", "Journal Entry", "(MAGISTRATE)", "(MCK)", "MISC", and "MOTION". The Entry column provides a description of the docket entry. The Vol. and Page columns identify the volume and page numbers of orders entered on the court's journal. For example, the Magistrate's Decision at issue in this case reflects that it is recorded in the journal at Vol. 1407 and Page 1392, and

Judge Kobasher's order adopting the Magistrate's Decision of the same date is recorded at Vol. 1407 and Page 1390.

{¶13} A review of the Text field for the docket entries shows that the text does not always reflect the text in the Entry field. For example, the first docket entry does not contain any text in the Type field although the text in the Entry field states that it is a response to a motion. The next two entries are both shown as "MOTION" in the Type field and the Entry field also describes them as motions. The two entries after that are the Magistrate's Decision, designated "(MAGISTRATE)" in the Type field, and Judge Kobasher's order, designated "(MCK)" (Judge Kobasher's initials) in the Type field. These are the only two docket items that also have Vol. and Page entries.

{¶14} Further down the docket sheet, there is a docket item with a Type of "Journal Entry". The text in the Entry field states that the clerk of courts served the Magistrate's Decision and lists the people served. The next docket entry does not have a Type, but the Entry is described as one volume of transcripts filed by the court reporter. The entry after that has a type of "MISC" and the Entry states that it is plaintiff's objections to the Magistrate's Decision.

{¶15} The last entry on the list of docket entries has a Type of "Journal Entry" and, under Entry, "case taxed and disbursed" is all that appears. The docket sheet, and this last entry in particular, provided the sole basis for the conclusion in the complaint that Judge Kobasher has closed this case. The docket sheet does not support that conclusion.

{¶16} As demonstrated above, the text entered in the "Type" field does not necessarily describe the text entered in the Entry field. For example, neither the Magistrate's Decision nor Judge Kobasher's order are labeled as "MAGISTRATE'S DECISION" or "JOURNAL ENTRY" but they are the only two items with descriptions that reflect they are decisions of the trial court.

They are also the only two docket items with Text that reflect they were orders and that contain volume and page numbers, reflecting where they have been entered on the court's journal.

{¶17} The first docket entry labeled as "Journal Entry" describes the clerk's act of serving copies of the Magistrate's decision. Just as this is not a "Journal Entry" of the court, neither is the second docket entry labeled as "Journal Entry" which is "case taxed and disbursed". Calculating costs is a ministerial task performed by the clerk. *See, e.g., State v. Threatt*, 2006-Ohio-905, ¶ 21.

{¶18} The unsupported conclusion that formed the basis of the complaint assumed that Judge Kobasher closed the case, based on an interpretation of text entered by the clerk of courts on the docket sheet. The complaint failed to identify any facts to support the allegation that Judge Kobasher closed the case. Nor does the docket sheet attached to the complaint reflect that Judge Kobasher took any action after the objections were filed.

{¶19} Courts speak through their journal entries, *Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 455 (2000), and their journals. *Schenley v. Kauth*, 160 Ohio St. 109 (1953), paragraph one of the syllabus. The complaint has not alleged that Judge Kobasher entered a journal entry disposing of the case. It also has not alleged that the court's journal reflects such an entry. Instead, the complaint was based on an unsupported conclusion that the clerk's docket sheet reflects a "journal entry" that the case was taxed and disbursed, so Judge Kobasher must have closed the case.

{¶20} When reviewing the motion to dismiss pursuant to Civ.R. 12(B)(6), this Court must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party, but this Court is not required to also consider unsupported conclusions as true. Having reviewed the complaint and attachments under this

standard, Ms. Howard can prove no set of facts that would entitle her to the relief requested. Thus, while this Court must grant the motion to dismiss, that does not mean Ms. Howard will not receive what she sought by filing this action. Judge Kobasher acknowledged in her motion to dismiss that Ms. Howard is entitled to a ruling on her objections and a judgment from the trial court.

*Conclusion*

{¶21} The complaint alleged that Judge Kobasher closed Ms. Howard's case and asked this Court to grant a writ of mandamus to order Judge Kobasher to rule on Ms. Howard's objections. Taking the factual allegations as true, and making all reasonable inferences in favor of Ms. Howard, it appears beyond doubt that Ms. Howard can prove no set of facts that would entitle her to the relief requested.

{¶22} For the foregoing reasons, the motion to dismiss is granted and this case is dismissed. Costs are taxed to Ms. Howard. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

BETTY SUTTON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

HONEY ROTHSCHILD, Attorney at Law, for Relator.

J. D. TOMLINSON, Prosecuting Attorney, and JACOB W. PULLAR, Assistant Prosecuting Attorney, for Respondent.