[Cite as *State v. Cottrill* , 2011-Ohio-2122.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 10CA38 |
| | : | |
| vs. | : | **Released: April 26, 2011** |
| | : | |
| JAMIE L. COTTRILL, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Nickolas D. Owen, Kingsley Law Office, Circleville, Ohio, for Appellant.

Judy C. Wolford, Pickaway County Prosecuting Attorney, Circleville, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} This is an appeal from an Pickaway County Court of Common Pleas judgment entry, issued after holding a re-sentencing hearing in order to properly impose a mandatory five-year term of post release control. On appeal, Appellant contends that 1) the trial court erred as a matter of law by failing to provide him with a full de novo re-sentencing hearing, where it sought to properly impose post-release control; 2) the trial court erred as a matter of law when it failed to sentence him to minimum, concurrent sentences, where the trier of fact made none of the findings of fact required

under R.C. 2929.14(B) and (E); and 3) his conviction should be reversed as his trial counsel was ineffective as a result of falling asleep numerous times during the course of the trial.

{¶2} Although Appellant was properly re-sentenced in accordance with the recent Supreme Court holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, his first assignment of error is nonetheless sustained as a result of the trial court's failure to properly include a mandatory five year term of post release control in the re-sentencing entry. As such, the decision of the trial court, with respect to its imposition of post release control, is reversed and remanded for further proceedings consistent with this opinion. Further, as Appellant's second and third assignments of error raise arguments unrelated to the re-sentencing hearing, they are barred by the doctrine of res judicata and we therefore reject them. Accordingly, the decision of the trial court is affirmed in part, reversed in part, and remanded.

FACTS

{¶3} On June 8, 2004, Appellant was convicted of aggravated robbery with a gun specification, theft, and kidnapping with a gun specification. On that day, the trial court sentenced him to an aggregate prison term of seventeen years. Although a transcript of the sentencing hearing was not

made a part of this record on appeal, the trial court's sentencing entry, dated June 11, 2004, does not include post release control as part of Appellant's sentence.

{¶4} After filing multiple unsuccessful motions for post conviction relief, on August 26, 2010, Appellant filed a motion for de novo sentencing. In response, on October 6, 2010, a re-sentencing hearing was held. At the hearing, the trial court made clear to Appellant that the only purpose of the hearing was to impose post release control. During the hearing, the trial court notified Appellant that he "will be subject to mandatory post release control for five years." However, the "Re-sentencing Entry And Advisement of Mandatory Five (5)Year Post Release Control" filed on October 8, 2010, stated that Appellant "shall be subject to a MANDATORY period of post release control of *up to* FIVE (5) YEARS." (Emphasis added). It is from this entry that Appellant brings his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.  THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO PROVIDE DEFENDANT WITH A FULL DE NOVO RE-SENTENCING HEARING, WHERE IT SOUGHT TO CORRECT A FAILURE TO PROPERLY IMPOSE POST-RELEASE CONTROL AND WHERE DEFENDANT WAS ORIGINALLY SENTENCED PRIOR TO JULY 11, 2006, THE EFFECTIVE DATE OF R.C. §2929.191.

II.     THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO SENTENCE DEFENDANT TO MINIMUM, CONCURRENT SENTENCES, WHERE THE TRIER OF FACT MADE NONE OF THE FINDINGS OF FACT REQUIRED UNDER §2929.14(B) AND (E).

III.    DEFENDANT'S CONVICTION SHOULD BE REVERSED BECAUSE HIS TRIAL COUNSEL WAS INEFFECTIVE BECAUSE COUNSEL FELL ASLEEP NUMEROUS TIMES DURING THE COURSE OF THE TRIAL."

ASSIGNMENT OF ERROR I

{¶5} In his first assignment of error, Appellant contends that the trial court erred as a matter of law by failing to provide him with a full de novo re-sentencing hearing, where it sought to correct a failure to properly impose post release control and where he was originally sentenced prior to July 11, 2006, the effective date of R.C. 2929.191.  The State contends Appellant was properly re-sentenced in accordance with the Supreme Court of Ohio's recent decision in *State v. Fischer*, supra.

{¶6} By enacting R.C. 2929.191, effective date July 11, 2006, the legislature promulgated a statutory remedy for trial courts to use to correct an error in imposing post release control.  *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 1.  In *Singleton*, the Supreme Court of Ohio reasoned as follows with respect to the retroactive application of R.C. 2929.191:

"for sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio. However, for criminal sentences imposed on and after July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall apply the procedures set forth in R.C. 2929.191." Singleton at ¶ 1.

Thus, *Singleton* holds that R.C. 2929.191 applies only prospectively and essentially provides that if a trial court fails to properly impose post release control, after a hearing, it may issue a nunc pro tunc entry correcting the error.

{¶7} Appellant herein was sentenced prior to the effective date of R.C. 2929.191. Thus, the reasoning set forth in *Singleton* would seem to dictate that the trial court conduct a de novo sentencing hearing. However, the Supreme Court of Ohio recently modified its position on the type of hearing that must be conducted to correct an error related to the imposition of post release control. In *State v. Fischer*, supra, at paragraphs one and two of the syllabus, the Court held that a sentence that does not include the statutorily mandated term of post release control is void and that the new sentencing hearing to which an offender is entitled under *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, is limited to the proper imposition of post release control. In further explaining its holding, the *Fischer* Court stated that "when a judge fails to impose statutorily mandated

postrelease control as part of a defendant's sentence, that *part* of the sentence that is void and must be set aside.  Neither the Constitution nor common sense commands anything more."  *Fischer* at ¶ 26.

{¶8} Appellant contends that as he was re-sentenced before *Fischer* was decided, this Court should not retroactively apply the reasoning of *Fischer*, and instead should apply the reasoning of S*ingleton*, which would have required a de novo re-sentencing hearing.  In *State v. Vance*, Meigs App. No. 10CA4, 2011-Ohio-780, we recently addressed a similar situation, reasoning as follows:

" '[T]he general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision.' *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 209, 129 N.E.2d 467 (per curiam). A vested right is one that 'so completely and definitely belongs to a person that it cannot be impaired or taken away without the person's consent.' *Harden v. Ohio Atty. Gen.*, 101 Ohio St.3d 137, 2004-Ohio-382, 802 N.E.2d 1112, at ¶ 9, quoting Black's Law Dictionary (7th Ed.1999) 1324. The *Fischer* Court did not declare that its decision was only prospective in operation."  *Vance* at ¶ 10.

As in *Vance*, this case does not involve contractual rights, and Appellant has no vested right in a de novo sentencing hearing for the correct portions of his original sentence.  As such, we apply *Fischer* in this case.

{¶9} Here, Appellant was conveyed from prison to attend a re-sentencing hearing, where the trial court notified him that he was subject to a

mandatory five year term of post release control. As such, we conclude that the trial court's actions were in accordance with *State v. Fischer*, supra. However, as indicated above, the re-sentencing entry issued by the trial court stated Appellant "shall be subject to a MANDATORY period of post release control of *up to* FIVE (5) YEARS." Appellant was subject to a five year term of post release control, not "up to" a five year term. Thus, we must remand this matter to the trial court for another re-sentencing hearing, limited to the proper imposition of a mandatory five year term of post release control.

{¶10} We are mindful of the language in *State v. Fischer* wherein the Supreme Court of Ohio acknowledges an appellate court's authority to correct a defect in a sentence without remanding for resentencing. *Fischer* at ¶29-30. However, in the interests of due process and in assuring Appellant is afforded proper notice of the exact term of his post release control, we conclude that remanding the case for re-sentencing is the proper procedural route.

ASSIGNMENTS OF ERROR II AND III

{¶11} Appellant's second and third assignments of error present arguments related to the length and nature of his sentence, and the effectiveness of his trial counsel. However, the scope of this appeal is

limited to issues arising at the re-sentencing hearing, which we have already addressed. *State v. Fischer*, at paragraph four of the syllabus. Res judicata applies to all other aspects of the merits of the conviction, including the determination of guilt and the lawful elements of the ensuing sentence. *Fischer* at paragraph three of the syllabus. Thus, the only aspect of Appellant's new sentence he can challenge in this direct appeal is the addition of post release control. Accordingly, we reject Appellant's second and third assignments of error.

**JUDGMENT AFFIRMED IN PART,
REVERSED IN PART AND THE CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND THE CAUSE REMANDED and that the Appellee and the  Appellant split the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY:  _____
       Matthew W. McFarland, Judge

## NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**