[Cite as *State v. Cottrill*, 2012-Ohio-1021.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 11CA12 |
| | : | |
| vs. | : | **Released: March 8, 2012** |
| | : | |
| JAMIE L. COTTRILL, | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Jamie L. Cottrill, Chillicothe, Ohio, Appellant, pro se.

Judy C. Wolford, Pickaway County Prosecuting Attorney, Circleville, Ohio, for Appellee.
_____

McFarland, J.:

{¶1} This is an appeal from a Pickaway County Court of Common Pleas nunc pro tunc re-sentencing and advisement of mandatory five year post release control entry, issued upon remand. On appeal, Appellant contends that 1) the trial court erred when it corrected his void sentence by nunc pro tunc entry, claiming such action was in violation of R.C. 2929.191; 2) the trial court erred when it failed to include the statutory requirements of R.C. 2929.19 in the judgment entry; 3) the trial court erred by imposing

multiple prison sentences, when the offenses were allied offenses of similar import; and 4) the trial court erred by imposing consecutive sentences.

{¶2} As the trial court failed to follow our specific order of remand, which directed the trial court to hold another re-sentencing hearing, Appellant's first assignment of error is sustained. Further, in light of our disposition of Appellant's first assignment of error, Appellant's second assignment of error has been rendered moot. Finally, as Appellant's third and fourth assignments of error raise arguments unrelated to the re-sentencing hearing, they are barred by the doctrine of res judicata and we therefore reject them. Accordingly, the decision of the trial court is reversed and remanded.

## FACTS

{¶3} On June 8, 2004, Appellant was convicted of aggravated robbery with a gun specification, theft, and kidnapping with a gun specification. On that day, the trial court sentenced him to an aggregate prison term of seventeen years. Although a transcript of the sentencing hearing was not made a part of the record on appeal, the trial court's sentencing entry, dated June 11, 2004, did not include post release control as part of Appellant's sentence.

After filing multiple unsuccessful motions for post conviction relief, on August 26, 2010, Appellant filed a motion for de novo sentencing. In response, on October 6, 2010, a re-sentencing hearing was held. At the hearing, the trial court made clear to Appellant that the only purpose of the hearing was to impose post release control. During the hearing, the trial court notified Appellant that he "will be subject to mandatory post release control for five years." However, the "Re-sentencing Entry And Advisement of Mandatory Five (5)Year Post Release Control" filed on October 8, 2010, stated that Appellant "shall be subject to a MANDATORY period of post release control of *up to* FIVE (5) YEARS." (Emphasis added).

{¶4} Appellant filed a timely appeal from this re-sentencing entry, claiming that the trial court erred by failing to provide him with a full de novo re-sentencing hearing. After consideration of the issue, this Court determined that Appellant was properly re-sentenced in accordance with the recent Supreme Court of Ohio holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. Nevertheless, we remanded the matter to the trial court for another re-sentencing hearing as a result of the trial court's failure to properly include a mandatory five year term of post release control in the re-sentencing entry. *State v. Cottrill*, Pickaway App. No. 10CA38, 2011-Ohio-2122.

{¶5} On remand, however, the trial court elected not to hold another re-sentencing hearing and instead simply issued a nunc pro tunc re-sentencing entry on April 28, 2011, claiming in the entry that it was doing so as a result of a "scrivener's error" that had occurred in the original re-sentencing entry. It is from this nunc pro tunc re-sentencing entry that Appellant now brings his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.     THE TRIAL COURT ERRED WHEN IT CORRECTED DEFENDANT'S VOID SENTENCE BY NUNC PRO TUNC ENTRY IN VIOLATION OF O.R.C. §2929.191.

II.     THE TRIAL COURT ERRED WHEN IT FAILED TO INCLUDE THE STATUTORY REQUIREMENTS OF OHIO REVISED CODE §2929.19 IN APPELLANT'S JUDGMENT ENTRY.

III.    THE TRIAL COURT ERRED BY IMPOSING MULTIPLE PRISON SENTENCES WHEN THE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT.

IV.    THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES."

ASSIGNMENT OF ERROR I

{¶6} In his first assignment of error, Appellant contends that the trial court erred when it corrected his sentence by issuing a nunc pro tunc entry. The State counters by arguing that the issuance of a nunc pro tunc entry was proper, relying on our prior reasoning in *State v. Qualls*, Meigs App. No.

10CA8, 2010-Ohio-5316 (affirming a trial court's issuance of a nunc pro tunc entry imposing mandatory post release control where the record indicated the appellant was advised of mandatory post release control at the sentencing hearing but such language was omitted from the sentencing entry). For the following reasons, which are different from the specific issue raised by Appellant, we sustain Appellant's first assignment of error.

{¶7} As set forth above, in our previous decision regarding this matter, *State v. Cottrill*, supra, at ¶ 9, we remanded the matter to the trial court "*for another sentencing hearing*, limited to the proper imposition of a mandatory five year term of post release control." (Emphasis added). In doing so, we noted the language in *State v. Fischer*, supra, at ¶ 29-30, acknowledging an appellate court's authority to correct a defect without remanding for resentencing. *Cottrill* at ¶ 10. However, we determined that "in the interests of due process and in assuring Appellant is afforded a proper notice of the exact term of his post release control," that "remanding the case for re-sentencing [was] the proper procedural route." Id. The trial court did not hold a re-sentencing hearing on remand, it simply issued a nunc pro tunc entry.

{¶8} " 'Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to

disregard the mandate of a superior court in a prior appeal in the same case.' " *Allen v. Bennett*, Summitt App. No. 25252, 2011-Ohio-1210 at ¶ 12; citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 462 N.E.2d 410, paragraph one of the syllabus. " '[T]he decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * [T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. * * * *[T]he trial court is without authority to extend or vary the mandate given.*' " (Emphasis added and internal citations omitted.) Id.; citing *Nolan* at 3-4; See also, generally, *State ex rel. Petro v. Marshall*, Scioto App. No. 05CA3004, 2006-Ohio-5357 at ¶ 31 ("Upon further proceedings following an appellate decision on the same facts and issue, the trial court is bound to adhere to the appellate court's determination of the applicable law."); *State v. Letts*, Montgomery App. No. 17084, 1999 WL 42011 ("* * * trial courts have no discretion to disregard the mandate of a reviewing court * * *.").

{¶9} Despite the reasoning of *State v. Qualls*, supra, which affirmed the trial court's nunc pro tunc entry issued prior to appellate review, our remand order directed the trial court to hold another re-sentencing hearing in order to properly impose post release control. Thus, the reasoning set forth in *Qualls* should not have been a source of confusion for the trial court on remand.[1] The trial court, on remand, unilaterally elected not to follow our instructions on remand directing it to hold a hearing, and instead simply issued a nunc pro tunc order. As such, the trial court varied the mandate on remand, and in light of the foregoing, we conclude such action constitutes a clear abuse of discretion. Thus, Appellant's first assignment of error is sustained. Accordingly, the decision of the trial court is reversed and this matter is remanded for another resentencing hearing limited to the proper imposition of a mandatory five year term of post release control. As such, the court below is ordered to follow our mandate herein and not vary from it.

## ASSIGNMENTS OF ERROR II, III AND IV

{¶10} In his second assignment of error, Appellant contends that the trial court erred when it failed to include the statutory requirements of R.C.

---

[1] We further note that we have certified a conflict to the Supreme Court of Ohio between our decision in *State v. Qualls* and *State v. Lee*, Lucas App. No. L-09-1279, 2010-Ohio-1704, which remains pending at this time. Because of the uncertainty regarding the holding in *Qualls*, our order on remand, as noted in the opinion, was intended to comport with *State v. Fischer* and its progeny. Admittedly, this area of the law is ever changing and constantly evolving. That being said, this Court issued a clear mandate on remand that was not subject to interpretation by the trial court and should have been carried out without variation or question.

2929.19 in the judgment entry. However, in light of our disposition of Appellant's first assignment of error, which reversed the trial court's issuance of a nunc pro tunc re-sentencing entry, the issue raised under Appellant's second assignment of error has been rendered moot.

{¶11} Appellant's third and fourth assignments of error present arguments related to the length and nature of his sentence. As we indicated when faced with similar arguments in Appellant's initial appeal after his first re-sentencing hearing, the scope of this appeal is limited to issues arising at the re-sentencing hearing, which we have already addressed. *State v. Fischer*, at paragraph four of the syllabus. Res judicata applies to all other aspects of the merits of the conviction, including the determination of guilt and the lawful elements of the ensuing sentence. *Fischer* at paragraph three of the syllabus. Thus, the only aspect of Appellant's new sentence he can challenge in this direct appeal is the addition of post release control. Accordingly, we reject Appellant's third and fourth assignments of error.

**JUDGMENT REVERSED AND CAUSE REMANDED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J. and Kline, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**