THE STATE EX REL. QUALLS, APPELLANT, *v.* STORY, PROS. ATTY., APPELLEE.

[Cite as *State ex rel. Qualls v. Story,* 104
Ohio St.3d 343, 2004-Ohio-6565.]

(No. 2004–1452—Submitted November 30, 2004—Decided December 15, 2004.)

**Per Curiam.**

{¶ 1} In June 2004, appellant, Eric A. Qualls, an inmate at Ross Correctional Institute, filed a complaint in the Court of Appeals for Meigs County. Qualls sought a writ of mandamus to compel appellee, Meigs County Prosecuting Attorney Pat Story, to turn over certain transcripts, statements, and police reports from Qualls's criminal case to him. Qualls claimed entitlement to these records under Crim.R. 16. Although Qualls filed two affidavits of indigency and a motion to waive docket fees and security deposit with his complaint, he did not file the statement required by R.C. 2969.25(C)(1) setting forth the balance in his inmate account "for each of the preceding six months, as certified by the institutional cashier."

{¶ 2} On July 26, 2004, the court of appeals sua sponte dismissed Qualls's complaint.

{¶ 3} We affirm the judgment of the court of appeals. Qualls's failure to comply with R.C. 2969.25(C)(1) required dismissal. *State ex rel. Norris v. Giavasis,* 100 Ohio St.3d 371, 2003-Ohio-6609, 800 N.E.2d 365. We also deny Qualls's motion to disqualify the prosecutor's office.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Eric A. Qualls, pro se.

Pat Story, Meigs County Prosecuting Attorney, for appellee.