[Cite as *State v. Qualls*, 2010-Ohio-5316.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 10CA8 |
| vs. | : | |
| ERIC QUALLS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT: Eric Qualls, #429-625, Ross Correctional Inst., P.O. Box 7010, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE: Colleen S. Williams, Meigs County Prosecuting Attorney, and Matthew J. Donahue, Meigs County Assistant Prosecuting Attorney, 117 West Second Street, Pomeroy, Ohio 45769

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 10-28-10

ABELE, J.

{¶ 1} This is an appeal from a Meigs County Common Pleas Court judgment that denied a motion for "De Novo Sentencing Hearing" filed by Eric Qualls, defendant below and appellant herein.    Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"WHEN A SENTENCE IS VOID AS A MATTER OF LAW BECAUSE IT DOES NOT CONTAIN A STATUTORILY

MANDATED TERM OF 'PROPERLY IMPOSED' POST RELEASE CONTROL, A TRIAL COURT ABUSES ITS DISCRETION WHEN DENYING A MOTION FOR DE NOV SENTENCING HEARING."

SECOND ASSIGNMENT OF ERROR:

"THE APPROXIMATELY EIGHT YEAR DELAY FROM THE FINDING [OF] GUILT UNTIL THE COURT IMPOSED SENTENCE CONSTITUTED AN UNNECESSARY, UNJUSTIFIED AND UNREASONABLE DELAY IN SENTENCING AND THEREFORE DIVEST[ED] THE COURT OF ITS JURISDICTION TO IMPOSE SENTENCE IN THIS CASE."

{¶ 2} In 2002, appellant pled guilty to kidnapping and aggravated murder with a firearm specification and the trial court sentenced appellant to serve an aggregate prison term of thirty-three years to life. Appellant did not appeal his conviction.

{¶ 3} In 2004, appellant filed an action in this Court and sought a writ of mandamus to compel the Meigs County Prosecutor to turn over certain records. We sua sponte dismissed his petition and the Ohio Supreme Court affirmed. See State ex rel. Qualls v. Story, 104 Ohio St.3d 343, 819 N.E.2d 701, 2004- Ohio-6565.

{¶ 4} In 2006, appellant filed a petition for postconviction relief and asked to be re-sentenced. Summary judgment was entered against him and we affirmed. See State v. Qualls, Meigs App. No. 06CA7, 2007-Ohio-3938. The Ohio Supreme Court declined to hear any further appeal on appellant's petition. See State v. Qualls, 115 Ohio St.3d 1444, 875 N.E.2d 104, 2007-Ohio-5567.

{¶ 5} This latest round of litigation began on January 25, 2010, when appellant filed a motion for a "de novo sentencing hearing." The gist of the motion is that the trial court informed appellant at sentencing that he is subject to five years of post-release

control after he is released from prison.   Appellant argued, however, that he was convicted of a "special felony," and, thus, not subject to post-release control under R.C. 2967.28.

{¶ 6} Appellee's memorandum contra responded that post-release control was not imposed on the aggravated murder charge but, rather, on the kidnapping charge. Appellee conceded, however, that an error occurred in the sentencing entry that appellant had not raised in his motion.   Although appellant was informed of post-release control at the hearing, a provision to indicate that fact was inadvertently omitted from the sentencing entry.   The State requested the court issue a nunc pro tunc judgment to correct the entry and to make it conform with the actual events that transpired at the hearing.

{¶ 7} Appellant, in turn, promptly filed a motion to dismiss the charges against him reasoning that his original sentence is invalid, and thus void, and should be held for naught.   We note that more than eight years elapsed between appellant's original conviction and the new de novo hearing to which he claimed himself entitled and such delay, he asserts, is "unreasonable."

{¶ 8} On March 29, 2010, the trial court (1) denied appellant's motion for a de novo hearing, and (2) issued a nunc pro tunc sentencing entry that included language regarding appellant's post-release control.   The court did not expressly rule upon appellant's motion for dismissal of the charges against him, but we will treat it as having been impliedly overruled.[1]   This appeal followed.

---

[1] Takacs v. Baldwin (1995), 106 Ohio App.3d 196, 209, 665 N.E.2d 736;   In re

I

{¶ 9} In his first assignment of error, appellant asserts that the trial court erred by overruling his motion for a de novo hearing.   Appellant's motion is based on an argument that post-release control was improperly imposed upon his conviction for aggravated murder.   However, post-release control was imposed on the kidnapping count, not the aggravated murder count.   Thus, the trial court correctly overruled the motion.[2]

{¶ 10} Appellant also claims that the trial court failed to provide him with other statutory information at the sentencing hearing.   However, this issue was not raised in his motion for a de novo hearing and, thus, the appellee has not had the chance to respond to that allegation.   We will not consider such claims raised for the first time on appeal.   State v. Musser, Ross App. No. 08CA3077, 2009-Ohio-4979, at ¶6; State v. Stephens, Pike App. No. 08CA776, 2009-Ohio-750, at ¶7.

---

Sites, Lawrence App. No. 05CA39, 2006-Ohio- 3787, at ¶18, fn. 6; Kline v. Morgan (Jan. 3, 2001), Scioto App. Nos. 00CA2702 & 00CA2712.

[2] We note appellant should have been barred from raising this issue based on grounds of res judicata. An alleged failure to comply with Ohio's complex felony sentencing statutes could have been, and should have been, raised on appeal. Appellant, however, did not file an appeal and should be barred from raising the issue at this date.   However, in State v. Simpkins, 117 Ohio St.3d 420, 884 N.E.2d 568, 2008-Ohio-1197, a majority of the Ohio Supreme Court held that a failure to impose post-release control renders a judgment void, rather than voidable, and res judicata does not apply. Id. at ¶¶21-22 & 30.   Consequently, this Court and the trial court are bound by the majority opinion in Simpkins (rather than Justice Lanzinger's dissenting view). Id. at ¶¶39-52.   Furthermore, a separate procedure must now be employed for sentences imposed after 2006.   See State v. Singleton, 124 Ohio St.3d 173, 920 N.E.2d 958, 2009-Ohio-6434, and R.C. 2929,191.

{¶ 11} Appellant also asserts that the trial court erred by issuing the nunc pro tunc entry. At the outset, we note that this argument is not set forth as an assignment of error. See App.R. 12(A)(1)(b). Nevertheless, in view of our policy to afford leniency to pro se litigants, see e.g. Akbar-El v. Muhammed (1995), 105 Ohio App.3d 81, 85, 663 N.E.2d 703; Besser v. Griffey (1993), 88 Ohio App.3d 379, 382, 623 N.E.2d 1326, we will consider the issue.

{¶ 12} In his motion for de novo hearing, appellant admitted that he "was also informed that he would be subject to 5 years of Post Release Control upon his release." (Emphasis added.) The appellee also cites a portion of the hearing transcript in which the court not only informed appellant of the control, but also directed defense counsel to make sure that he understood what it meant. After appellant and counsel discussed the matter, the court asked appellant directly if he understood post-release control" and appellant responded "Yes, sir."

{¶ 13} Under circumstances virtually identical to those present here, our First District colleagues held:

> "The original sentencing court, during sentencing, informed [defendant]
> that he would 'be placed on post-release control for a period of five years,'
> but that notification was not reflected in the sentencing entry. The court
> below attempted to remedy the omission by resentencing [defendant] . . .
> The trial court had no authority to resentence [him]. The proper remedy
> was to add the omitted postrelease-control language in a nunc pro tunc
> entry after a hearing."

State v. Gause,182 Ohio App.3d 143, 911 N.E.2d 977, 2009-Ohio- 2140, at ¶2. We agree that this is the proper remedy to employ under these circumstances and find no error on the trial court's part.

{¶ 14} Thus, for these reasons, we hereby overrule appellant's first assignment of error.

II

{¶ 15} In his second assignment of error, appellant asserts that the trial court erred by overruling his motion to dismiss all charges due to the "delay" in sentencing him. Again, we disagree.

{¶ 16} In the case sub judice, there was no "delay" in sentencing. The trial court sentenced appellant in 2002. While some errors may have occurred in the sentencing entry, which apparently rendered that sentence "void," the fact remains that sentencing did in fact occur. We also note that although res judicata may not bar appellant from raising statutory mistakes in sentencing eight years after the fact, it does bar him from challenging his conviction – a conviction entered after his guilty plea to the offenses, thereby completely admitting guilt. See Crim.R. 11(B)(1). Thus, the second assignment of error is without merit and is hereby overruled.

{¶ 17} Having reviewed all errors assigned and argued by appellant in his brief, and having found merit in none of them, the trial court's judgment is hereby affirmed.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.