[Cite as *State v. Messenger* , 2011-Ohio-2017.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 : Case No.  10CA34
                                        :
    vs.                                 : **Released: April 22, 2011**
                                        :
MATTHEW T. MESSENGER,                   : DECISION AND JUDGMENT
                                        : ENTRY
    Defendant-Appellant.                :
_____
APPEARANCES:

Matthew T. Messenger, Chillicothe, Ohio, Appellant, pro se.

C. David Warren, Athens County Prosecuting Attorney, and George J.
Reitmeier, Athens County Assistant Prosecuting Attorney, Athens, Ohio, for
Appellee.

_____

McFarland, J.:

    **{¶1}** This is an appeal from an Athens County Court of Common

Pleas judgment entry, issued after holding a re-sentencing hearing in order to

properly impose a mandatory five-year term of post release control.  On

appeal, Appellant contends in his first through third assignments of error that

his conviction and sentence are void for failure to comply with statutory

requirements, and claims that he was thus deprived of his constitutional

rights to due process.  Further, in his fourth and fifth assignments of error

Appellant contends that the trial court lacked jurisdiction to impose

mandated post release control and that his sentence should be reversed because it was imposed over six years after his guilty plea was entered.

{¶2} In light of our conclusion that Appellant was informed during the sentencing hearing that the five-year term of post release control was mandatory, not discretionary, the proper remedy was to add the omitted post release control language in a nunc pro tunc entry after a hearing. As such, Appellant's first, second and third assignments of error are overruled. With respect to Appellant's fourth assignment of error, as Appellant had not yet been released from prison at the time of his re-sentencing hearing, the trial court did not err in re-sentencing Appellant to properly impose mandatory post release control. Finally, with respect to Appellant's fifth assignment of error, we conclude there was no unnecessary delay in imposing sentence. Thus, Appellant's fourth and fifth assignments of error are also overruled. Accordingly, the decision of the trial court is affirmed.

## FACTS

{¶3} On May 24, 2004, a combined plea and sentencing hearing was held wherein Appellant pled guilty to five counts of rape in violation of R.C. 2907.02(A)(1)(b), all first degree felonies. During both the plea hearing and the sentencing hearing, Appellant was correctly advised that he would be subject to a mandatory five-year period of post release control  However, the

judgment entry issued on June 3, 2004, incorrectly stated that "post-release control is optional in this case up to a maximum of five (5) years[.]"

{¶4} On April 14, 2010, Appellant filed a motion to impose a valid sentence. In response, on June 2, 2010, a re-sentencing hearing was held wherein the trial court "re-affirmed its findings and sentence from the earlier hearing except that it modified the order regarding Post-Release Control." A judgment entry was filed on June 4, 2010, and it is from this entry that Appellant brings his timely appeal, assigning the following errors for our review.

ASSIGNMENTS OF ERROR

"I.     JUDGEMENT OF CONVICTION AND SENTENCE ARE VOID FOR FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS AND THUS THE ACCUSED HAS BEEN DEPRIVED OF HIS RIGHTS TO DUE PROCESS IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

II.    JUDGEMENT OF CONVICTION AND SENTENCE ARE VOID FOR FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS AND THUS THE ACCUSED HAS BEEN DEPRIVED OF HIS RIGHTS TO DUE PROCESS IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

III.   JUDGEMENT OF CONVICTION AND SENTENCE ARE VOID FOR FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS AND THUS THE ACCUSED HAS BEEN DEPRIVED OF HIS RIGHTS TO DUE PROCESS IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES.

IV.    THE TRIAL COURT LACKED JURISDICTION TO IMPOSE
       MANDATED POST-RELEASE CONTROL UPON THE
       APPELLANT.

V.     THE SENTENCE SHOULD BE REVERSED AS IT VIOLATES
       CRIMINAL RULE 32, AND THE 5TH, 6TH, AND 14TH
       AMENDMENTS OF THE CONSTITUTION OF THE UNITED
       STATES, BECAUSE IT WAS IMPOSED OVER 6 YEARS AFTER
       THE GUILTY PLEA."

ASSIGNMENTS OF ERROR I, II AND III

{¶5} In his first, second, and third assignments of error, Appellant

contends that his judgment of conviction and sentence are void as a result of

the trial court's failure to comply with statutory requirements in imposing

post release control.  He claims that, as a result, he was deprived of his rights

to due process under the 5th, 6th and 14th Amendments of the United States

Constitution.  In raising this argument, Appellant alleges that 1) the sentence

purportedly imposed was void; 2) the trial court lacked jurisdiction to

impose a mandated five-year term of post release control at the re-sentencing

hearing; and 3) that the trial court erred by holding a re-sentencing hearing

instead of vacating the sentence and holding a full de novo sentencing

hearing.

{¶6} By enacting R.C. 2929.191, effective date July 11, 2006, the

legislature promulgated a statutory remedy for trial courts to use to correct

an error in imposing post release control.  *State v. Singleton*, 124 Ohio St.3d

173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 1.   In *Singleton*, the Supreme

Court of Ohio reasoned as follows with respect to the retroactive application

of R.C. 2929.191:

"for sentences imposed prior to July 11, 2006, in which a trial court failed to
properly impose postrelease control, trial courts shall conduct a de novo
sentencing hearing in accordance with decisions of the Supreme Court of
Ohio.  However, for criminal sentences imposed on and after July 11, 2006,
in which a trial court failed to properly impose postrelease control, trial
courts shall apply the procedures set forth in R.C. 2929.191."  Singleton at ¶
1.

Thus, *Singleton* holds that R.C. 2929.191 applies only prospectively and

essentially provides that if a trial court fails to properly impose post release

control, after a hearing, it may issue a nunc pro tunc entry correcting the

error.

{¶7} Appellant herein was sentenced prior to the effective date of

R.C. 2929.191.  Thus, the reasoning set forth in *Singleton* would seem to

dictate that the trial court conduct a de novo sentencing hearing.  However,

the Supreme Court of Ohio recently modified its position on the type of

hearing that must be conducted to correct an error related to the imposition

of post release control.  In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-

6238, 942 N.E.2d 332, at paragraphs one and two of the syllabus, the Court

held that a sentence that does not include the statutorily mandated term of

post release control is void and that the new sentencing hearing to which an

offender is entitled under *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, is limited to the proper imposition of post release control.  In further explaining its holding, the *Fischer* Court stated that "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence that is void and must be set aside.  Neither the Constitution nor common sense commands anything more."  *Fischer* at ¶ 26.

{¶8} Further, based on facts identical to the facts sub judice, in *State v. Qualls*, Meigs App. No. 10CA8, 2010-Ohio-5316, at ¶ 13, this Court drew a distinction between failing to properly notify an offender of a mandatory term of post release control during the sentencing hearing and failing to properly include that term in the sentencing entry.  In *Qualls*, we reasoned that because the trial court properly imposed post release control at the sentencing hearing, but simply failed to properly include it in the sentencing entry, the proper remedy was to add the omitted post release control language in a nunc pro tunc entry after a hearing.  Id.  Thus, we essentially reasoned that because Appellant received the proper notice at the sentencing hearing, his sentence was not void.  Rather, the failure of the sentencing entry to accurately reflect the imposition of post release control was a clerical error capable of correction.  As set forth above, our review of the

record clearly demonstrates that although Appellant's original sentencing entry did not include a mandatory term of post release control, Appellant was advised during his original sentencing hearing that he would be subject to a mandatory five-year term of post release control.

{¶9} Here, Appellant was conveyed from prison to attend a re-sentencing hearing, and was accompanied by his attorney during that hearing. The trial court's sentencing entry issued after the hearing properly included language indicating that the five-year term of post release control was mandatory. The entry also stated that "[t]he Court re-affirmed its findings and sentence from the earlier hearing except that it modified the order regarding Post-Release control." As such, we conclude that the trial court's actions in conducting a hearing and issuing a corrected journal entry properly remedied the omission in the original sentencing entry and were in accordance with *State v. Qualls*, supra, as well as *State v. Fischer*, supra. See also, *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110 (granting writ of mandamus compelling trial court judge to issue a sentencing entry that complies with post release control provisions of R.C. 2967.28); *State v. Harrison*, Butler App. No. CA2009-10-272 and CA2010-01-019, 2010-Ohio-2709 at ¶22-23 (reasoning that where defendant was properly advised of post release control term at

sentencing hearing, error in original entry was clerical and nunc pro tunc entry may be used to correct clerical mistake).

{¶10} We do note, however, that we recently certified a conflict to the Supreme Court of Ohio between our decisions in *State v. Qualls* and *State v. Lee*, Lucas App. No. L-09-1279, 2010-Ohio-1704, where, based on the same facts, the court concluded that an omission in the sentencing entry could not be remedied with a nunc pro tunc entry and instead required a de novo sentencing hearing.[1]  Nonetheless, in an effort to adhere to precedent, our decision today is consistent with our prior reasoning in *State v. Qualls*, supra.  Accordingly, Appellant's first, second and third assignments of error are overruled.

### ASSIGNMENT OF ERROR IV

{¶11} In his fourth assignment of error, Appellant contends that as he already completed the first two of five consecutive three year prison terms, the trial court was without jurisdiction to impose a mandatory five year term of post release control as to those two convictions and sentences.  In support of his contention, Appellant argues that a trial court may not correct an erroneous sentence once an offender's sentence has been completed.  He also argues that the error in the sentencing entry rendered his sentences void.

---

[1] In light of the recent holding in *State v. Fischer*, supra, however, *State v. Lee* would now be incorrect to the extent that it demands a de novo sentencing hearing.

{¶12} The record before us reveals that Appellant pled guilty to five counts of rape and was sentenced to three year prison terms on each count, to be served consecutively, for an aggregate term of fifteen years. In addition, Appellant was notified twice at his combined plea and sentencing hearing that he would be subject to a mandatory five-year term of post release control. However, the original sentencing entry mistakenly stated that post release control was "optional in this case up to a maximum of five (5) years[.]"

{¶13} In light of our reasoning with respect to Appellant's first three assignments of error that where Appellant was properly advised of mandatory post release control in the sentencing hearing, that such a mistake was essentially clerical and could be corrected by the trial court, we disagree with Appellant's contention that his sentences are void.[2] Thus, the trial court did not lack jurisdiction to correct its original sentencing entry.

{¶14} Further, in *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 358, 2006-Ohio-5795, 856 N.E.2d 263, the Supreme Court of Ohio reasoned that as Cruzado's sentence had not been completed at the time he was re-sentenced, the judge "was authorized to correct the invalid sentence to

---

[2] In reaching this conclusion we are mindful of the Supreme Court of Ohio's recent statement contained in *State v. Fischer* that "[t]he failure to impose a statutorily mandated period of postrelease control is more than administrative or clerical error. It is an act that lacks both statutory and constitutional authority." *Fischer* at ¶ 22. Again, based upon our prior reasoning in *Qualls*, supra, we believe that the fact that Appellant was properly advised of mandatory post release control during his original sentencing hearing factually distinguishes the present case from *Fischer*.

include the appropriate, mandatory postrelease-control term." See, also *State v. Fischer*, supra, (permitting re-sentencing after appellant served more than five years of an aggregate fourteen year prison sentence for multiple offenses including firearms specifications on each); *State v. Jenkins*, Montgomery App. No. 24117, 2011-Ohio-634 at ¶4 (permitting re-sentencing of appellant just two weeks before expiration of prison term consisting of ten year term for rape and eight year term for felonious assault being served concurrently).

{¶15} Thus, we conclude that as Appellant had not yet completed his aggregate prison term of fifteen years, the trial court had jurisdiction to re-sentence him. As such, Appellant's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

{¶16} In his fifth assignment of error, Appellant contends that his sentence should be reversed as it violates Crim.R. 32, as well as the 5th, 6th, and 14th Amendments of the United States Constitution. Appellant argues that his original sentence was invalid, therefore resulting in a six year delay from the time he was found guilty to the time he was re-sentenced.

{¶17} Crim.R. 32(A) provides that "[s]entence shall be imposed without unnecessary delay." In the present case, Appellant pled guilty and was sentenced in one combined hearing held on May 24, 2004. The trial

court issued its judgment entry on June 3, 2004.  Appellant did not make the trial court aware of the sentencing error until he filed his motion to impose a valid sentence on April 14, 2010.  A re-sentencing hearing was scheduled for June 2, 2010.  On that same day, Appellant also filed a motion to dismiss, claiming a delay in sentencing in violation of Crim.R. 32.

{¶18} On June 4, 2010, the trial court issued its judgment entry imposing a mandatory five-year period of post release control, reaffirming Appellant's original sentence in all other respects, and denying Appellant's motion to dismiss.  Based upon this timeline, we can discern no unreasonable or unnecessary delay between Appellant's original plea and sentence, or Appellant's motion for imposition of valid sentence and his re-sentencing.

{¶19} As we have already noted, Appellant was properly advised during his original sentencing hearing that he would be subject to a mandatory five-year term of post release control.  Thus, we have concluded that his original sentence was not void and the trial court had jurisdiction to correct its prior error in its sentencing entry.  Further, assuming arguendo there is no distinction between failing to properly advise of post release control at the sentencing hearing and failing to properly include that notice in the sentencing entry, based upon the reasoning of *Fischer*, "when a judge

fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence that is void and must be set aside[]" and "only the offending portion of the sentence is subject to review and correction." *Fischer* at ¶ 26-27. Moreover, res judicata "applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at ¶ 40.

{¶20} Thus, in light of the foregoing, the error in Appellant's original sentence was, at best, under *Qualls*, supra, a clerical error capable of correction at any time by the trial court. At worst, under *Fischer*, supra, the error rendered only the post release control aspect of Appellant's sentence void, and left all other aspects of Appellant's conviction and sentence, including his aggregate fifteen year prison term, in tact. As such, we reject Appellant's argument that there was an unnecessary delay in imposing sentence upon him. Accordingly, Appellant's fifth and final assignment of error is overruled.

{¶21} Having overruled all of Appellant's assignments of error, the judgment and sentence of the trial court as set forth in its June 4, 2010, judgment entry is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, J.: Concurs in Judgment and Opinion.
Harsha, P.J.: Concurs in Judgment Only.

For the Court,

BY: _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**