THE STATE OF OHIO, APPELLEE, *v.* QUALLS, APPELLANT.

[Cite as *State v. Qualls,* 131 Ohio St.3d 499, 2012-Ohio-1111.]

*Criminal law—Postrelease control—When a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing.*

(No. 2011-0202—Submitted October 5, 2011—Decided March 20, 2012.)

CERTIFIED BY the Court of Appeals for Meigs County,

No. 10CA8, 2010-Ohio-5316.

_____

SYLLABUS OF THE COURT

When a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing.

_____

CUPP, J.

{¶ 1} The defendant-appellant in this case was notified of postrelease control at his 2002 sentencing hearing, but the language indicating that notification had been made was inadvertently omitted from the sentencing entry that resulted from that hearing. When the omission came to light, the trial court, in 2010, corrected the sentencing entry through a nunc pro tunc entry that stated that the notification had been made and denied the defendant's request for a new sentencing hearing. The appellate court upheld the trial court's actions as a permissible use of a nunc pro tunc entry. For the reasons that follow, we agree

that the trial court's use of a nunc pro tunc entry was appropriate in the specific circumstances of this case, and we accordingly affirm the judgment of the court of appeals.

## I.  Facts and Procedural History

{¶ 2}  On August 15, 2002, defendant-appellant, Eric A. Qualls, pled guilty before a three-judge panel in Meigs County Common Pleas Court to one count of aggravated murder and one count of kidnapping.  The state's part of the plea agreement included dropping an additional count of aggravated murder and dismissing a death-penalty specification.  The trial court accepted the plea and imposed an aggregate prison sentence of 33 years to life, as recommended by the state, in the judgment of conviction.  Qualls did not appeal his conviction and sentence.

{¶ 3}  On January 15, 2010, Qualls filed in the trial court a pro se "motion for de novo sentencing hearing."  In this motion, Qualls admitted that he was informed at his sentencing hearing that he would be subject to five years of postrelease control upon his release from prison, but contended that he was not subject to postrelease control because his conviction for aggravated murder was a special felony.[1]  Qualls argued that because R.C. 2967.28, the postrelease-control statute, was not applicable to him, he was entitled to a new sentencing hearing to correct the alleged error.

{¶ 4}  In its response, the state explained that postrelease control was not imposed for the aggravated-murder offense, but was imposed for the kidnapping offense only.  The state also asserted that Qualls had been orally informed of postrelease control at his sentencing hearing, had consulted with his attorney about postrelease control at that time, and had verified for the court that he understood why it was being imposed.  However, in formulating its response to

---

1.  Under R.C. 2967.28, postrelease control is not imposed following a conviction for aggravated murder, which is a special-category felony.

Qualls's 2010 motion, the state realized that despite notification at the sentencing hearing, the 2002 entry contained no mention of postrelease control. The state therefore asked the trial court to issue a nunc pro tunc entry reflecting that the trial court had advised Qualls of postrelease control at his sentencing hearing.

{¶ 5} Qualls argued in response to the state's request for a nunc pro tunc entry that because the 2002 sentencing entry did not mention postrelease control, his sentence was void, and he asserted that he was entitled to a de novo sentencing hearing.

{¶ 6} On March 29, 2010, by entry, the trial court agreed with the state's arguments: it ruled that postrelease control applied to Qualls's conviction for kidnapping and that Qualls was not entitled to a new sentencing hearing, because Qualls had admitted that he had been orally advised that he was subject to postrelease control at his 2002 sentencing hearing. The trial court issued a nunc pro tunc sentencing entry that included two new paragraphs indicating that Qualls had been notified that he was subject to postrelease control.

{¶ 7} The Fourth District Court of Appeals affirmed upon Qualls's pro se appeal. It held that the trial court correctly overruled the motion for a de novo sentencing hearing and that a nunc pro tunc entry was the proper remedy to correct the sentencing entry, considering that Qualls had admitted that he was informed at the 2002 sentencing hearing that he would be subject to postrelease control upon his release from prison. *State v. Qualls*, 4th Dist. No. 10CA8, 2010-Ohio-5316, ¶ 9-13.

{¶ 8} The court of appeals certified that its decision conflicted with the decision of the Sixth District Court of Appeals in *State v. Lee*, 6th Dist. No. L-09-1279, 2010-Ohio-1704, which held that a nunc pro tunc entry cannot be used to correct the omission of postrelease-control language from the sentencing entry in situations such as this, and that a defendant must be afforded a new sentencing hearing to correct the omission.

3

**{¶ 9}** We recognized the conflict on the following question, as phrased by the court of appeals: "If a defendant is notified about postrelease control at the sentencing hearing, but that notification is inadvertently omitted from the sentencing entry, can that omission be corrected with a nunc pro tunc entry?" 128 Ohio St.3d 1424, 2011-Ohio-1049, 943 N.E.2d 571.

## II. Analysis

**{¶ 10}** Before analyzing the legal issue presented by this case, we clarify the parameters of the certified question we address. The appellate court approached this case from the perspective that Qualls has conceded that the trial court's notification regarding postrelease control at the 2002 sentencing hearing adequately informed him of postrelease control.[2] Procedurally, we are thus required to accept as fact that the trial court's 2002 notification regarding postrelease control in the sentencing hearing was statutorily compliant and that the notification was inadvertently omitted from the 2002 sentencing entry. These features were also present in the conflict case, *Lee*. *See* 2010-Ohio-1704, at ¶ 6 ("It is undisputed that the trial court notified appellant at his sentencing hearing that he would be subject to mandatory postrelease control. The trial court did not, however, include this notice in the sentencing entry"). We also note that this appeal does not include any issue regarding Qualls's plea and convictions, but involves only the sentencing question.

**{¶ 11}** The essence of Qualls's argument is that numerous decisions in this court's postrelease-control precedents support the proposition that for a

---

2. The appellate court observed that Qualls claimed in his merit brief that the trial court had failed to inform him of some other statutory information at the sentencing hearing, but the appellate court declined to consider those claims because they were raised for the first time on appeal and instead conducted its analysis from the standpoint that proper oral notification regarding postrelease control had occurred. 2010-Ohio-5316, at ¶ 10. In its entry granting Qualls's motion to certify a conflict, the court of appeals stated that Qualls has "freely admitted" that he was notified of postrelease control at his sentencing hearing and that the notification was "simply omitted" from the sentencing entry, and contrasted the situation here with cases in which oral notification either "was absent altogether or there was a misnotification," in which a nunc pro tunc entry would not have been appropriate.

sentence imposed prior to the effective date of R.C. 2929.191, a trial court's sentencing entry that failed to include postrelease control is void. In that situation, Qualls further argues, the sentencing entry cannot be corrected through a nunc pro tunc entry, but instead the trial court must hold a de novo resentencing hearing to correct the void sentence and to properly impose postrelease control. *See, e.g.*, *Woods v. Telb*, 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000); *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, *modified in part by State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph two of the syllabus; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568; *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254. Qualls especially relies on *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958.

{¶ 12} Qualls additionally argues that this court's more recent decision in *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, does not change that result. He contends that *Fischer*, which modified *Bezak* in part and held that the new sentencing hearing to which an offender is entitled when postrelease control was not properly imposed is limited to the proper imposition of postrelease control, has "abrogated" the right of a defendant such as himself to a de novo sentencing hearing. Consequently, he asserts that *Fischer* should not apply retroactively to him and that his resentencing hearing must be de novo rather than limited.

### A. Standards for Nunc pro Tunc Entries

{¶ 13} This court recently explained, in a decision not cited by Qualls, that when a trial court properly notified a defendant of postrelease control at the sentencing hearing but the initial sentencing entry did not accurately reflect the details of the notification, the imperfect sentencing entry can be corrected through

a nunc pro tunc entry. In that situation, "[n]o new sentencing hearing is required, because the trial court's failure to include the postrelease-control term in the original sentencing entry was manifestly a clerical error. * * * Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13, citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19, and Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time"). *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18-19 (courts possess the authority to correct an error in a judgment entry so that the record speaks the truth); *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15 (an error corrected by a nunc pro tunc entry does not involve a legal decision or judgment).

**{¶ 14}** Because the notification of postrelease control was accurately given in the sentencing hearing in *Womack*, and the error in the sentencing entry was merely clerical in nature, the mistake was correctable by nunc pro tunc entry and no new sentencing hearing was required.[3] *Womack* at ¶ 14. A nunc pro tunc entry issued under those conditions relates back to the original sentencing entry and does not extend the time to file an appeal. *Id.* at ¶ 15. *See also Lester* at ¶ 19-20 (a nunc pro entry applies retrospectively to the judgment it corrects and does not create a new final order from which a new appeal may be taken).

---

3. The type of nunc pro tunc entry discussed in *Womack* and at issue in this case is different from the "entry nunc pro tunc" provided for in R.C. 2929.191, which is issued after a court holds a hearing in accordance with R.C. 2929.191(C). A consideration of the standards regarding conventional nunc pro tunc entries issued pursuant to Crim.R. 36 makes evident that an "entry nunc pro tunc" issued pursuant to R.C. 2929.191 after a hearing is not equivalent to a Crim.R. 36 nunc pro tunc entry, which is limited to the correction of a "clerical mistake."

**{¶ 15}** The primary characteristic distinguishing this case from the situation in *Womack* is that in this case the sentencing entry contained no mention of postrelease control, while the sentencing entry in *Womack* imposed an incorrect term of postrelease control. We determine, however, that given the specific circumstances of this case, a nunc pro tunc entry can be used to correct the failure to include in the sentencing entry notification of postrelease control that was properly given in the sentencing hearing.

*B. A Sentencing Entry that Contains No Reference to*
*Postrelease Control Must Be Timely Corrected*

**{¶ 16}** For purposes of addressing the certified issue, we recognize two important principles that our postrelease-control precedents have emphasized. One principle is that unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed. *Hernandez*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, at ¶ 28-30; *compare Watkins v. Collins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, ¶ 48-51 (when a sentencing entry made some reference to postrelease control, any deficiencies in the entry could have been raised on appeal, and postrelease control can be imposed upon the defendant's release from prison).

**{¶ 17}** That basic principle is not specifically implicated in this case, in part because of the lengthy prison term Qualls is serving. If we affirm the judgment of the court of appeals, the nunc pro tunc sentencing entry will have corrected the deficiency in the original sentencing entry, thereby allowing postrelease control to be enforced upon Qualls on his release from prison. Even if we were to reverse the judgment and order a new sentencing hearing here, the trial court would still be able to timely issue a new sentencing entry correcting any deficiency.

*C. The Importance of Notification*

**{¶ 18}** Another important principle reiterated in our precedents is that in order to comply with separation-of-powers concerns and to fulfill the requirements of the postrelease-control-sentencing statutes, especially R.C. 2929.19(B) and 2967.28, a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of sentencing, including notifying the defendant of the details of the postrelease control and the consequences of violating postrelease control. *Woods*, 89 Ohio St.3d 504, 733 N.E.2d 1103, at paragraphs one and two of the syllabus; *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at paragraph one of the syllabus; *Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, at ¶ 2.

**{¶ 19}** We have also stated that a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing. *E.g.*, *Jordan*, at paragraph one of the syllabus, *see* current R.C. 2929.14(D). But our main focus in interpreting the sentencing statutes regarding postrelease control has always been on the notification itself and not on the sentencing entry. *See id.* at ¶ 23 (recognizing that the "statutory duty" imposed is "to provide notice of postrelease control at the sentencing hearing"); *Cruzado*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 26 (stressing the importance of notification); *Watkins*, 111 Ohio St.3d 425, 2006-Ohio-5082, 857 N.E.2d 78, at ¶ 52 (stating that the "preeminent purpose" of the statutes is "that offenders subject to postrelease control know at sentencing that their liberty could continue to be restrained after serving their initial sentences").

**{¶ 20}** In many situations, a failure to properly impose postrelease control in a sentencing entry will not be correctable through a nunc pro tunc entry. The reason for that result is not that the sentencing entry was deficient, but rather that the notification given did not comply with the statutory requirements. *Womack* is

an example of a situation where a nunc pro tunc entry can correct a sentencing entry's failure to properly impose postrelease control.

*D. Resolution of the Conflict Question*

**{¶ 21}** Our prior decisions did not address the specific issue presented by this case. As the court of appeals recognized in its entry certifying a conflict, this case is unlike either *Jordan* or *Singleton* because *notification* of postrelease control was not proper in either of those cases. *Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 2-3, involved situations in which the sentencing courts failed to properly notify the defendants of the imposition of postrelease control at the sentencing hearings, although notice was contained in the sentencing entries. In *Singleton*, although the sentencing entry did mention some aspects of postrelease control, the sentencing court failed to properly notify the defendant at the sentencing hearing of the consequences of violating postrelease control. 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 4.

**{¶ 22}** Our review of our many other postrelease-control precedents shows that the situation in this case also differs from those other precedents. In no previous case in which a sentencing entry was silent as to postrelease control have we specifically considered the significance of proper postrelease-control notification at the sentencing hearing. Moreover, we have not specifically evaluated the efficacy of a trial court's use of a nunc pro tunc entry to correct a deficient sentencing entry when the sole error in imposing postrelease control was the failure to incorporate the notification that was given at the sentencing hearing into the entry of conviction.

**{¶ 23}** Here, where notification was properly given at the sentencing hearing, there is no substantive prejudice to a defendant if the sentencing entry's failure to mention postrelease control is remedied through a nunc pro tunc entry. Our precedents requiring a new sentencing hearing (either de novo or limited) to correctly impose postrelease control do not apply to this situation. The rationale

underlying those decisions is that a sentence that does not properly impose postrelease control is void, and a remand for a new sentencing hearing is necessary, because the trial court's erroneous imposition of postrelease control must be corrected in a new hearing at which the defendant is present to receive notification that complies with the statutes. *See, e.g., Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, at ¶ 17 and 23.

{¶ 24} But when the notification of postrelease control was properly given at the sentencing hearing, the essential purpose of notice has been fulfilled and there is no need for a new sentencing hearing to remedy the flaw. The original sentencing entry can be corrected to reflect what actually took place at the sentencing hearing, through a nunc pro tunc entry, as long as the correction is accomplished prior to the defendant's completion of his prison term.

{¶ 25} Qualls argues that because his sentencing entry did not include any language regarding postrelease control, he could not appeal any issues relating to the postrelease-control portion of his sentence until the trial court corrected the allegedly void sentence by holding a hearing and properly imposing postrelease control. Only this, he asserts, would have provided him with a final order from which he could appeal. However, in this case, which concerns only the sentencing entry's failure to include a reference to postrelease-control notification, that argument fails. Because Qualls conceded that notification of postrelease control was properly given at the sentencing hearing, he has no substantive grounds upon which to pursue an appeal relating to the imposition of postrelease control.

{¶ 26} As the appellate court accurately observed in its entry certifying a conflict, a nunc pro tunc entry pursuant to Crim.R. 36 to modify a sentencing entry cannot serve to correct the failure to notify a defendant of postrelease control or a mistake in the notification that was given. A nunc pro tunc entry cannot go beyond correcting a clerical error to conform the sentencing entry to

reflect that notification had occurred when it did not; that action would improperly change the substance of the entry to include events that never occurred. *See Cruzado,* 111 Ohio St.3d. 353, 2006-Ohio-5795, 856 N.E.2d 263, at ¶ 19 (a nunc pro tunc entry cannot be used to reflect what the court might or should have decided); *Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, at ¶ 15 (a nunc pro tunc entry that does not reflect the events that actually occurred at a sentencing hearing is improper).

{¶ 27} Although this case is different from *Womack* because the sentencing entry in this case did not mention postrelease control, nevertheless, like *Womack*, this case is one in which a nunc pro tunc entry can correct a flawed sentencing entry.

{¶ 28} We do not address Qualls's argument that despite this court's holding in *Fischer*, he is entitled to a de novo resentencing hearing. That argument is predicated on this court's concluding that Qualls must receive a resentencing hearing. However, we determine that a nunc pro tunc entry can be used to correct the postrelease-control deficiency in this case and that Qualls is not entitled to a resentencing hearing.

{¶ 29} Our resolution of the issue of this case is narrow and is made within only the context of postrelease control, an area in which the numerous decisions of this court have shaped the development of the law. Our decision by its nature applies to those postrelease-control cases involving an omission of the type that occurred here, without regard to whether the sentencing hearing was held after the effective date of R.C. 2929.191 or held prior to the effective date of that statute, as occurred in this case.

### III.  Conclusion

{¶ 30} We hold that when a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the

defendant is not entitled to a new sentencing hearing. We accordingly answer the certified question in the affirmative, and we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, and MCGEE BROWN, JJ., concur.

LANZINGER, J., dissents.

_____

**LANZINGER, J., dissenting.**

{¶ 31} This court's precedent on postrelease-control error continues to bedevil us, requiring backtracking on issues that logically flow from the idea that sentences with postrelease-control error are "void." I would overrule *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, and hold that the procedure enacted by the General Assembly to correct postrelease-control error may be applied retroactively. *See Singleton* at ¶ 56-66 (Lanzinger, J., concurring in part and dissenting in part). R.C. 2929.191(C) addresses due process concerns by allowing a defendant a hearing, after which there would be the opportunity to inspect any entry altered to comply with the requirements of imposing postrelease control.

## I. The complete absence of postrelease control in a sentencing entry is more than a clerical error

{¶ 32} Today the court holds that absence of postrelease control in a sentencing entry is mere clerical error that may be corrected through a nunc pro tunc entry without a new hearing, provided that the sentencing court properly notified the defendant of the imposition of postrelease control at sentencing.

{¶ 33} But an amendment of the kind before us is more than the correction of a clerical error. Qualls was sentenced on August 15, 2002, and postrelease control was not mentioned in his sentencing entry. The majority

states that "[w]hen the omission came to light, the trial court, in 2010, corrected the sentencing entry through a nunc pro tunc entry that stated that the notification had been made." Majority opinion at ¶ 1. But the addition to Qualls's sentencing entry made eight years after his sentencing hearing corrects far more than a clerical error; this was not a mistake in transcription, a slight correction, or even a single, omitted fact. *See State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142 (nunc pro tunc entry added statement that the defendant had been convicted by a jury). The following two additional paragraphs were entered:

> For the Kidnapping offense only, the Court notified the Defendant that upon his release from prison, if such event should ever happen, the Defendant shall be subject to a five year mandatory period of post-release control, by the Parole Board. The Court further advised the Defendant that if he violates any condition of any post-release control sanctions by committing a new felony, the sentencing Court for that felony may terminate the period of post-release control and impose a prison term for that violation, the maximum of which shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the Defendant has spent under post-release control for the earlier felony.

> The Defendant was further advised that if he should be released from prison and after his release he should violate the terms and conditions of Post Release Control, the Adult Parole Authority could send him back to prison for up to nine (9) months, and for repeated violations for a term not to exceed 50% of the original term as Ordered by this Court. He was further advised that if the violation is a new felony, he could not only be sent to

prison for the new felony, but that the sentencing Court could add to that sentence the greater of one year or the balance of the time remaining on Post Release Control.

{¶ 34} We have stated that postrelease control is a part of the original judicially imposed sentence and that unless the sentencing entry includes proper notice, the parole board has no authority over a defendant at the time of release. *Woods v. Telb,* 89 Ohio St.3d 504, 512-513, 733 N.E.2d 1103 (2000). And although the court has the statutory duty to accurately notify a defendant of mandatory postrelease control, it is also axiomatic that "[a] court of record speaks only through its journal entries." *State ex rel. Geauga Cty. Bd. of Commrs. v. Milligan,* 100 Ohio St.3d 366, 2003-Ohio-6608, 800 N.E.2d 361, at ¶ 20; *see also Kaine v. Marion Prison Warden*, 88 Ohio St.3d 454, 455, 727 N.E.2d 907 (2000); *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625 (1953), paragraph one of the syllabus ("A court of record speaks only through its journal and not by oral pronouncement or mere written minute or memorandum"). "Were the rule otherwise it would provide a wide field for controversy as to what the court actually decided." *Indus. Comm. v. Musselli*, 102 Ohio St. 10, 15, 130 N.E. 32 (1921).

## II. R.C. 2929.191 provides a sensible approach to correcting sentencing entries that fail to include postrelease control

{¶ 35} There are three ways in which a trial court might err with respect to postrelease control. First, the trial court could fail to properly orally notify the defendant about postrelease control or properly impose it at the sentencing hearing. Second, the trial court could fail to incorporate the proper notification given or the imposition of postrelease control in the judgment entry. Third, the trial court could fail to do both—to give oral notification and to include postrelease control language in the judgment entry. As the majority stated in

*Singleton*, the opinion refusing retroactive application to R.C. 2929.191, the General Assembly intended to cover all types of error:

> Effective July 11, 2006, R.C. 2929.191 establishes a procedure to remedy a sentence that fails to properly impose a term of postrelease control. It applies to offenders who have not yet been released from prison and who fall into at least one of three categories: those who did not receive notice at the sentencing hearing that they would be subject to postrelease control, those who did not receive notice that the parole board could impose a prison term for a violation of postrelease control, *or those who did not have both of these statutorily mandated notices incorporated into their sentencing entries*. R.C. 2929.191(A) and (B).

(Emphasis added.) 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 23. R.C. 2929.191 provides that a trial court may, after conducting a hearing with notice to the offender, the prosecuting attorney, and the Department of Rehabilitation and Correction, correct an original judgment of conviction by issuing a nunc pro tunc entry that includes statements that the offender will be supervised under R.C. 2967.28 after the offender leaves prison and that the parole board may impose a prison term if the offender violates postrelease control.

{¶ 36} The legislation enacting R.C. 2929.191, Am.Sub.H.B. No. 137, 151 Ohio Laws, Part IV, 7622 ("H.B. 137"), also amended R.C. 2967.28, 2929.14, and 2929.19. The legislation provides a procedure to correct sentences in which the trial court failed either to notify the offender of postrelease control or

to include postrelease control in the sentencing entry. As amended, R.C. 2967.28(B)[4] provided:

> Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and *failed to notify the offender* pursuant to division (B)(3)(c) of section 2929.19 of the Revised Code regarding post-release control or to *include in the judgment of conviction* entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code *a statement regarding post-release control.*

(Emphasis added.) Likewise, R.C. 2929.14(F)(1) and 2929.19(B)(3)(c) and (e), also amended by H.B. 137, provide that if a court imposed a sentence before July 11, 2006, and failed either to notify the offender of postrelease control or to include postrelease control in the judgment entry, then R.C. 2929.191 applies.

{¶ 37} R.C. 2929.191 provides:

> (A)(1) If, prior to the effective date of this section, a court imposed a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code and failed to notify the offender pursuant to that division that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison or to include a statement to that effect in the judgment of conviction entered on the journal or in the sentence pursuant to division (F)(1) of section 2929.14 of the Revised Code, at any time before the offender is released from

---

4. R.C. 2967.28 has been amended twice since 2006. The language quoted here is from H.B. 137.

imprisonment under that term and at a hearing conducted in accordance with division (C) of this section, the court may prepare and issue a correction to the judgment of conviction that includes in the judgment of conviction the statement that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison.

* * *

(2) If a court prepares and issues a correction to a judgment of conviction as described in division (A)(1) of this section before the offender is released from imprisonment under the prison term the court imposed prior to the effective date of this section, the court shall place upon the journal of the court an entry nunc pro tunc to record the correction to the judgment of conviction and shall provide a copy of the entry to the offender or, if the offender is not physically present at the hearing, shall send a copy of the entry to the department of rehabilitation and correction for delivery to the offender.  If the court sends a copy of the entry to the department, the department promptly shall deliver a copy of the entry to the offender.  The court's placement upon the journal of the entry nunc pro tunc before the offender is released from imprisonment under the term shall be considered, and shall have the same effect, as if the court at the time of original sentencing had included the statement in the sentence and the judgment of conviction entered on the journal and had notified the offender that the offender will be so supervised regarding a sentence including a prison term of a type described in division (B)(3)(c) of section 2929.19 of the Revised Code * * * .

* * *

(C) On and after the effective date of this section, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division. Before a court holds a hearing pursuant to this division, the court shall provide notice of the date, time, place, and purpose of the hearing to the offender who is the subject of the hearing, the prosecuting attorney of the county, and the department of rehabilitation and correction. The offender has the right to be physically present at the hearing, except that, upon the court's own motion or the motion of the offender or the prosecuting attorney, the court may permit the offender to appear at the hearing by video conferencing equipment if available and compatible. An appearance by video conferencing equipment pursuant to this division has the same force and effect as if the offender were physically present at the hearing. At the hearing, the offender and the prosecuting attorney may make a statement as to whether the court should issue a correction to the judgment of conviction.

{¶ 38} I continue to believe that R.C. 2929.191 provides "a simple means by which trial courts might correct judgments that lacked a mandatory term of postrelease control." *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, ¶ 65 (Lanzinger, J., concurring in part and dissenting in part). The statute includes a number of procedural protections—including the right to notice and to be present at the hearing—to ensure that postrelease control is properly imposed. In enacting the statute, the General Assembly specifically provided that

these protections apply when the court failed to include a statement regarding postrelease control in the sentencing entry.

**{¶ 39}** The majority makes much of the fact that Qualls conceded that proper oral notification was given during the sentencing hearing. Because he failed to challenge the oral notification of postrelease control, the majority concludes that "he has no substantive grounds upon which to pursue an appeal relating to the imposition of postrelease control." Majority opinion at ¶ 25. This statement ignores the fact that even if proper oral notification is given, a trial court also errs in imposing postrelease control when it does not include that notification in the judgment entry. Furthermore, the statement ignores that R.C. 2929.191 specifically states that it applies when a court fails to include a statement regarding postrelease control. Because I agree with the General Assembly that the failure to include postrelease-control notification in a sentencing entry should be remedied by conducting a hearing pursuant to R.C. 2929.191, I would reverse the judgment of the court of appeals.

### III. Conclusion

**{¶ 40}** The majority today adds another layer of complexity to the thicket of postrelease-control decisions through which both the state and defendants must navigate when dealing with a trial court's failure to properly impose postrelease control. This opinion whittles away at the legislative process adopted to address postrelease-control errors by stating that today's decision "applies to those postrelease-control cases involving an omission of the type that occurred here, without regard to whether the sentencing hearing was held after the effective date of R.C. 2929.191." Majority opinion at ¶ 29. Thus, a conflict appears with both the corrective statute (in which a hearing must be held in all cases pursuant to R.C. 2929.191 when no statement regarding postrelease control is included in the sentencing entry) and this court's decision in *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, paragraph two of the syllabus (in which trial

courts "shall apply the procedures set forth in R.C. 2929.191" when correcting sentences imposed on or after July 11, 2006, that "failed to properly impose postrelease control"). The simpler solution is to use the procedure set forth in R.C. 2929.191 in all cases.

**{¶ 41}** The fact that Qualls does not argue that his notification of postrelease control was inadequate at the time he was sentenced should not bar him from the opportunity to have a hearing pursuant to R.C. 2929.191(C) before the entry is corrected. I respectfully dissent.

_____

Colleen S. Williams, Meigs County Prosecuting Attorney, and Amanda Bizub-Franzmann, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Katherine A. Szudy and E. Kelly Mihocik, Assistant Public Defenders, for appellant.

_____